GARDEN, JUDGE:
On July 29, 1976, the claimant and his wife, Edith Mullenax, attended the 34th Annual West Virginia Poultry Convention and Festival in Moorefield, Hardy County, West Virginia. At the conclusion of the festivities, Mrs. Mullanax decided to find the ladies room. Mrs. Mullenax proceeded approximately 75 feet down a dimly lit corridor of the school building where the festival was held. She opened a door, thinking it the entrance to the ladies room, but it was actually the stairway to the base *329 ment. Mrs. Mullenax fell 12 to 15 feet down the stairs to the floor below, sustaining severe injuries, including two broken ankles, broken ribs, and a broken wrist and a fractured cheekbone. There is nothing in the record to indicate that these injuries were the cause of her death. The claimant contends that the respondent is liable for damages arising out of Mrs. Mullen ax’s fall under an agency theory, because the respondent contributes funds to the West Virginia Poultry Association, which sponsored the event. Claimant seeks $100,000.00.
The testimony established that the respondent contributed $400.00 to the West Virginia Poultry Association. According to Robert E. Ludwig, President of the Hardy County Poultry Association in 1976, the money was “just a grant to assist us in our general program of furthering the poultry industry in Plardy County, West Virginia.” He further stated that the West Virginia Poultry Association is “in no way whatever” under respondent’s supervision. Claimant’s witness, Ralph Hitt, an employee of respondent, stated that respondent neither controls nor supervises the Poultry Association. Earl K. Kelley, also an employee of respondent, stated that the respondent has given funds to the Poultry Association in varying amounts since 1970, but that there is no requirement that the money be expended in any particular manner. The sums have ranged from $50.00 to $1,000.00.
The Court is of the opinion that these limited financial contributions are insufficient to establish an agency relationship between the respondent and the Poultry Association. Claimant in his brief argues that all that is necessary to establish an agency relationship is the right or potential right of the principal to control the agent. Claimant alleges that respondent’s financial contributions coupled with respondent’s sponsorship of the Poultry Convention is sufficient to establish a potential right to control. The Court cannot agree with this contention. We do not find any evidence that the respondent held itself out as being a sponsor of the Poultry Convention. The contributions made by the respondent were simply that — contributions. There was no actual or potential control involved. Cross-examination of Mr. Ludwig elicited the following exchange:
*330 “Q. Mr. Ludwig, did the West Virginia Department of Agriculture ever give you instructions as to how the activities of the Poultry Association were to be carried out?
A. No way whatever. Even if they would have, we wouldn’t have considered them in any way because it was not their function.”
The Court must therefore disallow the claim.
Claim disallowed.